UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE EDWARD JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>M. WILSON,<br><br>        Defendant. | Case No.: 1:15-cv-01915-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>[ECF No. 28] |

Plaintiff Vance Edward Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion for summary judgment, filed on May 17, 2017.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding solely against Defendant Wilson for retaliation in violation of the First Amendment.

On July 5, 2016, Defendant filed an answer to the complaint. On July 8, 2016, the Court issued the discovery and scheduling order.

As previously stated on May 17, 2017, Defendant Wilson filed a motion for summary judgment. After receiving an extension of time, Plaintiff filed an opposition on July 31, 2017, and Defendant filed a reply on August 7, 2017.

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010). In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

In arriving at this recommendation, the Court has carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission or reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the

argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

## III.

## DISCUSSION

### A. Summary of Plaintiff's Second Amended Complaint

On August 10, 2014, Plaintiff filed inmate appeal log number PVSP-C-14-01054 to the third level of review. In appeal number PVSP-C-14-01054, Plaintiff contended that lieutenant Wilson's altered state documentation of Plaintiff's property sheet.

"Days after [Plaintiff] filed a previous appeal log #PVSP-C-14-01054 on 8-10-14 to 3rd level reporting that [Defendant] Wilson altered state documentation of a one sided property sheet…Wilson then retaliated on 8-25-14 against [Plaintiff by] writing him" a rules violation report charging him with "Falsification of Records or Documentation." (ECF No. 1 at 5.) Defendant Wilson further retaliated on August 26, 2014, Lieutenant Wilson further retaliated against Plaintiff by taking all the rest of his appliances.

### B. Defendant's Statement of Undisputed Facts

1. At all times relevant to the allegations in the complaint, Plaintiff Vance Edward Johnson (P-48409) was a state inmate incarcerated at Pleasant Valley State Prison in Coalinga, California. (ECF No. 1 at p. 1; Deposition of Plaintiff (Pl.'s Dep. at p. 14:17-23.)

2. On December 24, 2015, Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that Defendant M. Wilson retaliated against him on August 25, 2014 by writing a Rules Violation Report as a result of his filing an inmate grievance. (ECF No. 1 at pp. 5-6.)

3. Plaintiff filed two inmate grievances regarding property upon his arrival at Pleasant Valley State Prison. (Pl.'s Dep. at pp. 26:3-4, 29:11-15; Exs. B & C.) One complained of the wrongful confiscation of his compact discs (Pl.'s Dep. Ex. B), and another complained about the destruction of his radio and CD cassette player (Pl. Dep. Ex. C.)

4. Defendant M. Wilson was a correctional lieutenant overseeing Receiving and Release who was assigned as a second-level reviewer to investigate both appeals. (Decl. of M. Wilson at ¶¶ 3-

5; Pl.'s Dep. at pp. 31:4-21; 44:3-16.) Defendant Wilson's only contact with the Plaintiff was in two interviews conducted during the course of her review. (Pl.'s Dep. at pp. 44:13.16.)

### C. Findings on Defendant's Motion

Defendant moves for summary judgment on the ground that no adverse action was taken against Plaintiff because he exercised his speech, and the adverse action of issuing a rules violation report was done for a legitimate penological purpose.

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff must also show that his pursuit of his written and/or verbal complaints about his medication was the substantial or motivating factor behind the issuance of the Rules Violation Report. Brodheim, 584 F.3d 1262, 1271 (9th Cir. 2009) (citing Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). In this Circuit, Plaintiff need "only put forth evidence of retaliatory motive that, taken in the light most favorable to him, presents a genuine issue of material fact as to" Defendants' motivation. Brodheim, 584 F.3d at 1271 (citing Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003)) (internal quotation marks omitted). This requires Plaintiff to offer either direct evidence of retaliatory motive or at least one of three general types of circumstantial evidence: (1) proximity in time between the protected conduct and the alleged retaliation, (2) expressed opposition to the conduct, or (3) other evidence that the reasons proffered by Defendants for the adverse action were false and pretextual. McCollum v. California Department of Corrections and Rehabilitation, 647 F.3d 870, 882 (9th Cir. 2011) (citing Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002)) (quotation marks omitted). Direct evidence of improper motive is only rarely available, and this case presents no exception. Watison, 668 F.3d at 1114; Mendocino Environmental Center v. Mendocino County, 192

F.3d 1283, 1302 (9th Cir. 1999). If the adverse action occurred "soon after" the protected conduct, such "timing can properly be considered as circumstantial evidence of retaliatory intent." Bruce, 351 F.3d at 1288 (quoting Pratt, 65 F.3d at 805). However, not every allegedly adverse action will support a retaliation claim. See, e.g., Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this'") (citation omitted).

Because a prisoner's First Amendment rights are necessarily curtailed, a successful retaliation claim requires a finding that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not narrowly tailored to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt, 65 F.3d at 806.

As an initial matter, Defendant does not dispute Plaintiff engaged in protected conduct under the First Amendment by filing an inmate appeal or that Plaintiff's free speech rights were not chilled. In addition, Defendant does not dispute adverse action was taken by her in issuing a Rules Violation Report to Plaintiff. Accordingly, the first, third, and fourth elements are undisputed.

Plaintiff contends that Lieutenant Wilson retaliated against for filing inmate appeals by issuing him a rules violation report for falsification of documentation and confiscation of his personal property from his cell.

In response, Defendant Wilson declares that she did not write the Rules Violation Report for any reason other than because Plaintiff's forgery threatened institutional safety and security, misuse of the appeal process, and attempt to bypass institutional property rules. (Decl. of M. Wilson, ¶ 14.) Plaintiff filed two inmate appeals regarding property upon his arrival at Pleasant Valley State Prison. (UDF 3.) One complained of the wrongful confiscation of his compact discs, and the other complained about the destruction of his radio and CD cassette player. (UDF 3.)[1] It is undisputed that Defendant Wilson's job assignment was to review the allegations Plaintiff made in the two relevant

---

[1] "UDF" refers to the Defendant's Statement of Undisputed Facts set forth above in section B.

5

appeals in order to respond to the complaints. (UDF 4.) It is also undisputed that Defendant Wilson's only contact with Plaintiff was during two interviews she conducted in the course of reviewing his appeals. (UDF 4.) Defendant Wilson declares that she reviewed Plaintiff's property card, along with the relevant property cards in Plaintiff's electronic central file. (Decl. of M. Wilson ¶ 9.) Because Plaintiff was grieving Wilson asked Plaintiff if he had receipts for the items he allegedly lost, and Plaintiff indicated that he did not have any receipts. (Decl. of M. Wilson ¶ 10.) In order to determine whether Plaintiff was entitled to the property he sought in the appeals, Wilson searched Plaintiff's prison records for additional information. (Id.) Wilson found another property card in Plaintiff's central file that contained the same date as the card attached to the appeal, but which demonstrated that the property card attached to the appeal had been altered. To this end, the Rules Violation Report issued by Defendant Wilson, stated, in pertinent part, the following:

> The original Registered Property form lists a KTV, serial #1743, issued on 6/16/06 (appeal); a Westbend Hot Pot, issued on 1/31/06 (issued); a JWIN Boombox, serial #47, issued 6/16/06 (appeal); ten (10) Tapes and eleven (11) Disks. The Registered Property form [Plaintiff] altered lists several different items and is typed in different size and type of font, that which is consistent with an electric typewriter (which is on the altered Registered Property form). The altered Registered Property form lists a Hiteker Fit Screen, serial #TL1007H60824, issued 6/16/06 (appeal; Sony Walkman, serial #6011009, issued 6/16/06 (appeal); Brother Electric Typewriter, serial #M6K389237, issued 6/16/06 (appeal); Lakewood Electric Fan 8", serial #196M, issued 6/16/06 (appeal); JWIM Boombox, serial #47, issued 6/16/06; zero (0) Tapes and twenty (20) Disks. On July 9, 2014, [Wilson] answered an appeal (refer to Appeal Log #PVSP-C-14-01054), where [Plaintiff] utilized the same altered Registered Property form, claiming he had twenty (20) Disks, ten (10 of which he claimed Receiving and Release (R&R) staff wrongfully confiscated. It should be noted [Plaintiff's] current appeal regarding the JWIM Radio/CD/Cassette Player was previously confiscated on February 23, 2011, by Officer Anderson at Folsom State Prison (FSP) refer to Appeal Log #FSP-0-11-00223. I reviewed the First, Second and Third Level Review regarding this appeal. The FLR and SLR denied [Plaintiff's] request of receiving a JWIM Radio of equal or greater value. The TLR granted [Plaintiff's] appeal in party by providing him a radio to mail to a third party, thus, revealing he never was issued another radio by way of appeal. Evidence revealed the radio [Plaintiff] currently filed an appeal for was not obtained legally along with the CD's proving several of his appeals are filed fraudulently. [Plaintiff's] actions of abusing the appeal process and Court system has caused an unnecessary financial burden on the State of California and PVSP, thus delaying legitimate complaints.

(Def.'s MSJ, ECF No. 28-7, Ex. B at 22-23.) It was Defendant Wilson's belief that Plaintiff had altered his property card to obtain the property sought in the grievances, which is a violation of Title 15 of the California Code of Regulations Section 3021 "Falsification of Records or Documents."

(Decl. of M. Wilson ¶ 11.) Based on Defendant Wilson's determination, she wrote a Rules Violation Report Log No. 14/FC-08-034 charging Plaintiff with a violation of section 3021. (Decl. of M. Wilson ¶ 12.) Plaintiff was found guilty of the violation and assessed a loss of privileges. (Pl.'s Dep. at 36:19-38:19.)

Defendant has met her initial burden of demonstrating that any adverse action taken by her served a legitimate penological interest and was not because Plaintiff filed inmate grievances. Accordingly, the burden now shifts to Plaintiff.

In his opposition, Plaintiff's arguments relate primarily to action by correctional officers, Perez and Nevarez, who he claims prevented him from calling witnesses during his disciplinary hearing on the Rules Violation Report Log No. 14/FC-08-034 (Pl.'s Opp'n, ECF No. 33 at 10-11, 14.) However, the process to which Plaintiff was or was not provided during the disciplinary hearing is irrelevant to the retaliation claim against Defendant Wilson of which this action is proceeding.

Plaintiff also contends that Defendant Wilson did not provide him with an original altered property card and only showed him a "sheet of paper showing an altered document . . . that Lt. Wilson was offering of false instrument for the record," identified by Plaintiff as "Exhibit #1e." (ECF No. 33 at 12.) However, Plaintiff's exhibits do not include a #1e. In any event, the fact that Defendant Wilson showed Plaintiff a copy of the property card rather than an original does not demonstrate that she took adverse action because of the filing of an inmate appeal.

Plaintiff also references that Defendant disciplined him "using the same verbage [sic] and similar charge against Johnson and references Ex. #3e-g. (ECF No. 33 at 12.) However, Plaintiff's exhibits do not include a #3e-g, and this does not demonstrate evidence to support his retaliation claim against Defendant Wilson.

Plaintiff also contends that Defendant failed to make a thorough investigation of his property claims by investigating eight to ten years of property and failed to investigate "confused circumstances" when the state was "giving out property loaners, giving property to snitches, and and [sic] lengthly [sic] appeal processing, and when prison inmates were working in R&R dept. trading and selling new arrivals property." (ECF No. 33 at 14.) Defendant's alleged failure to research the

past eight to ten years of Plaintiff's property does not suggest that she issued any disciplinary action because Plaintiff filed an inmate grievance.

While Defendant Wilson's investigation into Plaintiff's property appeals led to the issuance of a Rules Violation Report and subsequent confiscation of additional property, there is no evidence that Wilson's actions were motivated with retaliatory intent or did not serve a legitimate penological interest. The two inmate appeals investigated by Defendant Wilson did not involve any misconduct by her, and there is no evidence that Defendant expressed opposition to the protected speech. In addition, there is no evidence to support the finding that Wilson's denial of Plaintiff's appeals at the second level was false or pretextual. See Wood v. Yordy, 753 F.3d 899, 904-05 (9th Cir. 2014) (speculation on defendant's motive is insufficient to defeat summary judgment). Indeed, institutional safety and security are unquestionably legitimate correctional goals and as an inmate, Plaintiff is not entitled to determine which rules or orders he will and will not follow. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011); see also Griffin v. Gomez, 741 F.3d 10, 20-21 (9th Cir. 2014). Neither Plaintiff's disagreement with the issuance of the Rules Violation Report, finding of guilty, and procedural due process at the hearing suffice to create a triable issue of fact. The connection between the disciplinary measure taken against Plaintiff and his failure to comply with the applicable rules is neither arbitrary nor irrational. Brodheim, 584 F.3d at 1272-73 (citing Shaw, 532 U.S. at 228) (quotation marks omitted). To the contrary, there was a valid, rational connection between actions taken against Plaintiff and the preservation of institutional safety and security. Id. The rule at issue is in place to maintain the safety and security of staff and inmates in an environment that must be strictly controlled. Allowing any inmate freedom in terms of what personal items he may possess of which he may not be entitled directly conflicts with the need to ensure the safety and security of the institution. Accordingly, the Court finds that Plaintiff has failed to demonstrate the absence of a legitimate correctional goal underlying the issuance of the disciplinary action and confiscation of property. To the contrary, the issuance of disciplinary action for falsification of Plaintiff's personal property card and confiscation of personal property clearly advanced the legitimate correctional goals of preserving

institutional safety and security in the prison. As a result, Defendant is entitled to judgment on Plaintiff's claim against him.[2]

## IV.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Wilson's motion for summary judgment be granted; and
2. The Clerk of Court be directed to enter judgment in favor of Defendant Wilson.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 19, 2017**

UNITED STATES MAGISTRATE JUDGE

---

[2] Based on this finding, the Court does not reach Defendant's alternative argument that he is entitled to qualified immunity.